UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ANTONIO A. GUTIERREZ,

    Plaintiff,

v.

STEVE SHELTON, Medical Director,
Health Services Oregon Department of
Corrections, GARTH GULICK, Doctor,
Snake River Correctional Institution,
J. TAYLOR, Grievance Coordinator,
Snake River Correctional Institution.

    Defendants.

Case No. 2:14-cv-02071-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff, an inmate at Snake River Correctional Institution (SRCI), filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and retaliation. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on all claims. For the reasons set forth below, defendants' motion is granted.

1 — OPINION AND ORDER

DISCUSSION

In his amended complaint, plaintiff alleges four claims for relief: 1) deliberate indifference to his serious medical needs based on defendants' reduction of his Hepatitis C medication dosage; 2) deliberate indifference to his serious medical needs based on the denial of a specific Hepatitis C treatment due to its cost; 3) violation of plaintiff's equal protection rights based on the denial of Hepatitis C treatment; and 4) retaliation based on defendant Taylor's alleged interference with plaintiff's ability to file grievances. ECF No. 51.[1] Defendants contend that plaintiff failed to exhaust his administrative remedies with respect to each claim and move for summary judgment accordingly. To prevail on their motion, defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a court action to redress prison conditions or incidents. 42 U.S.C § 1997e(a). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of prison grievance processes. *Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006). In other words, inmates must complete the administrative review process and comply with all applicable procedural rules, including deadlines, by appealing a grievance decision to the highest level before filing suit. *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). Importantly, the PLRA does not require exhaustion when administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010); *see also Marella*,

---

[1] Plaintiff's original complaint alleged deliberate indifference to his serious medical needs and violation of his equal protection rights based on the denial of Hepatitis C treatment due to its cost and retaliation in violation of his first Amendment rights. ECF No. 2. Plaintiff's original complaint also included allegations related to the reduction in his medication dosages.

2 — OPINION AND ORDER

568 F.3d at 1027 (administrative remedies may be effectively unavailable where the prisoner lacks the necessary forms or is informed that he cannot file a grievance); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (an administrative remedy must be available "as a practical matter").

The Oregon Department of Corrections (ODOC) has a three-level grievance and appeal process to address inmate complaints. Inmates may file grievances for numerous issues, including "unprofessional behavior or action which may be directed toward an inmate by an employee or volunteer" or an "oversight or error affecting an inmate." Or. Admin. R. § 291-109-0140(2)(c),(d). Unless the matter is an emergency, the inmate must file the requisite grievance form within 30 working days of the alleged condition or incident. *Id.* § 291-109-0150(2). A grievance that is returned to the inmate on procedural grounds may not be appealed. Instead, the inmate may resubmit the grievance within 14 days if the procedural errors can be corrected. *Id.* § 291-109-0160(5). An inmate may appeal the initial grievance response by filing a first-level appeal within 14 calendar days from the date the denial was sent to the inmate. *Id.* § 291-109-0170(1)(b). If the first-level appeal is denied, the inmate may file a second-level appeal within 14 days of the date the first-level denial was sent to the inmate. *Id.* § 291-109-0170(2)(c). As with initial grievances, appeals that are returned to the inmate for procedural reasons may not be appealed further but may be resubmitted after correction of the procedural errors. *Id.* § 291-109-0170(1)(c),(2)(d). A decision following a second-level appeal is final and not subject to further review. *Id.* § 291-109-0170(f).

The issue before the court is whether plaintiff complied with the procedural and substantive requirements of ODOC's grievance process and exhausted his available administrative remedies as to each of his federal claims.

3 — OPINION AND ORDER

A.   Reduction in Medication Dosage

Plaintiff's first claim alleges deliberate indifference based on a prison physician's decision to reduce the dosage of medication plaintiff was receiving as part of his Hepatitis C treatment. Defendants argue that plaintiff did not exhaust his administrative remedies as to this claim. In support, defendants cite grievance SRCI.2012.06.041 filed by plaintiff on June 12, 2012. A prison nurse responded to plaintiff's grievance on June 22, 2012, and plaintiff filed no appeal.

Plaintiff responds that SRCI.2014.06.041 is not the grievance corresponding to his first claim for relief and maintains that a later grievance, SRCI.2012.08.168, is the correct grievance. *See* Pl.'s Response (ECF No. 69) at 15. I agree. Review of SRCI.2012.06.041 shows that it pertains to general allegations about the lack of Hepatitis C treatment in 2007 along with a myriad of complaints about perceived misdiagnoses, lost medical reports, and other mistakes relating to his ongoing treatment. Taylor Decl. Attachment 4. In contrast, SRCI.2012.08.168 specifically grieved the reduction in dosage of his medication and requested reinstatement of the previous dosage. *Id.* Attachment 5 at 4-8. Therefore, I must determine whether plaintiff exhausted his remedies as to SRCI.2012.08.168.

On August 28, 2012, plaintiff filed grievance SRCI.2012.08.168 and complained that the dosage for his Hepatitis C medication was reduced. On August 29, 2012, a prison nurse sent a memorandum to plaintiff and explained why plaintiff's medication dosage was reduced. She also indicated that plaintiff's medication would be adjusted "accordingly" after plaintiff's next blood draw in two days. Taylor Decl. Attachment 5 at 3. On September 14, 2012, the nurse formally responded to grievance SRCI.2012.08.168 and again explained that plaintiff's medications were decreased because of lab results and assured plaintiff that a physician had reviewed and approved

4 — OPINION AND ORDER

the dosage decrease. The nurse also advised plaintiff that his next lab and follow-up appointments were scheduled within the next few days. *Id.* Attachment 5 at 2. Plaintiff did not appeal the denial of his grievance.

Plaintiff contends that he had no reason to file an appeal because he was satisfied with the response he received and felt that the matter of his medication dosage was resolved. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies."). Plaintiff cites nothing in the record to support this assertion. Regardless, the record clearly shows that defendants were not deliberately indifferent to plaintiff's medical needs when his medication dosage was reduced.

Deliberate indifference exists when a prison official knows an inmate faces a substantial risk of serious harm to his health and fails to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1058 (9th Cir. 1994). According to plaintiff's own statements in his grievance and in this action, his medication dosage was reduced on August 21, 2012, and he grieved the reduction shortly afterward. *See* Taylor Decl. Attachment 5; Pl.'s Response at 16. Plaintiff admits that defendants responded to his grievance and adjusted his medication within a few weeks by increasing the dosage in September 2012 and reinstating the "full" dosage in October 2012. Pl.'s Response at 16. Under these circumstances, defendants did not fail to take reasonable actions or act with deliberate indifference regarding plaintiff's medication. At most, the record establishes a difference of opinion between plaintiff and his physicians regarding the best course of treatment. However, allegedly inadequate treatment due to negligence, inadvertence, or

5 — OPINION AND ORDER

differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Given the undisputed facts of record, no genuine issue of fact precludes summary judgment on plaintiff's first claim for relief alleging deliberate indifference to his medical needs based on the reduction of his medication.

B.   Denial of Hepatitis C Treatment Due to Cost

Plaintiff's second claim alleges deliberate indifference to his serious medical needs based on the denial of a particular Hepatitis C treatment due to its cost. Defendants again argue that plaintiff did not exhaust his administrative remedies as to this claim. In response, plaintiff maintains that he exhausted his administrative remedies through grievances SRCI.2014.07.034 and SRCI.2014.11.069. Pl.'s Response at 24.

On July 6, 2014, plaintiff filed grievance SRCI.2014.07.034 and complained that he had failed his Hepatitis C treatment due to the incorrect reduction of his medication along with a variety of other mistakes made during his treatment. Plaintiff demanded that he receive a "two-pill" treatment that was not yet approved by the United States Food and Drug Administration (FDA) or by ODOC. Taylor Decl. Attachment 7 at 13, 17-20. On July 28, 2014, a prison nurse responded to plaintiff's grievance and explained that she had conducted research and consulted with a physician and discovered that the particular treatment for Hepatitis C still was not approved by the FDA. *Id.* Attachment 7 at 11.

On August 13, 2014, plaintiff's filed a first-level appeal of SRCI.2014.07.034. In his appeal, plaintiff stated that he had heard on a radio news program that an Arizona Hepatitis C patient had been denied treatment by Medicaid/Medicare because the treatment had not been approved by the FDA, but a state agency reversed the decision and provided treatment. Taylor

6 — OPINION AND ORDER

Decl. Attachment 7 at 9. Plaintiff indicated that he wanted prison officials to determine whether the State of Oregon provided this treatment, and if so, he wanted it made available to him as well. *Id.* Attachment 7 at 9-10. After he did not receive a response to his appeal within the prescribed time frame, plaintiff filed a second-level appeal; this appeal was returned to him with instructions to wait until he received a response to his first-level appeal. Plaintiff again filed a second-level appeal, and it again was returned to him with instructions to wait until he received a response to the first-level appeal.

On October 27, 2014, Dr. Steve Shelton responded to plaintiff's first-level appeal and stated that the FDA had approved new medications for Hepatitis C that week and that ODOC would review the studies and the medications to determine their appropriate usage. *Id.* Attachment 7 at 2. On November 12, 2014, plaintiff sent an Inmate Communication Form and requested dismissal of his appeal because he was informed by a physician that the "matter has been resolved." *Id.* Attachment 7 at 1.

Plaintiff filed grievance SRCI.2014.11.069 on November 17, 2014, again grieving the denial of the "two-pill" Hepatitis C treatment. Taylor Decl. Attachment 8 at 19-38. Grievance SRCI.2014.11.069 was returned to plaintiff on grounds that it pertained to an incident plaintiff had already grieved, i.e., the denial of the two-pill treatment. *Id.* Attachment 8 at 17; Or. Admin. R. § 291-109-0140(5) ("An inmate may not file more than one grievance regarding a single incident or issue unless more than one ... employee, volunteer, or contractor is directly involved in the incident."). Plaintiff was invited to resubmit the grievance if he intended to allege a new and separate issue. *See* Or. Admin. R. § 291-109-0140(6) ("An inmate may file a grievance regarding the same issue as a previously filed grievance provided there is another incident and new information is available about the issue."). On December 16, 2014, plaintiff resubmitted the

7 — OPINION AND ORDER

grievance and stated that he was grieving a new incident, the November 12 denial to provide the two-pill or another treatment for Hepatitis C. Taylor Decl. Attachment 8 at 2-16. The grievance again was returned to plaintiff as a second grievance regarding a single incident or issue. *Id.* Attachment 8 at 1. Plaintiff did not attempt to resubmit the grievance.

Based on the above undisputed facts, plaintiff did not complete the administrative process for either SRCI.2014.07.034 or SRCI.2014.11.069. However, plaintiff argues that he should be excused from the exhaustion requirement due to the fact that he was misinformed about his treatment. Plaintiff contends that he did not pursue a further appeal of SRCI.2014.07.034 because he was told by a prison nurse that he had been approved for the Hepatitis C treatment he sought. Plaintiff maintains he did not learn the nurse was mistaken and his treatment was not approved until November 12, 2014, after the appeal deadline for SRCI.2014.07.034 had expired. Instead, plaintiff filed SRCI.2014.11.069, which was returned on grounds that it pertained to the issue grieved in SRCI.2014.07.034. Plaintiff thus argues that he was effectively prevented from exhausting his remedies as to this claim.

In certain circumstances, I might agree that exhaustion could be excused if a prisoner relinquished his right to appeal based on inaccurate information from prison officials and then could not resubmit a grievance on the same issue pursuant to prison regulations. In this case, however, the record does not support plaintiff's argument. Even if plaintiff learned of the nurse's mistake shortly after expiration of the 14-day appeal deadline for SRCI.2014.07.034, prison regulations allow plaintiff to file a late appeal "if the inmate can demonstrate why the grievance appeal could not be filed within the timelines established by rule." Or. Admin. R. § 291-109-0170(2)(c)(A). Plaintiff does not maintain or present evidence that he attempted to pursue a late appeal of SRCI.2014.07.034 after he discovered his treatment had not been approved. To the

8 — OPINION AND ORDER

contrary, the record shows that plaintiff dismissed his appeal on November 12, 2014, *the very same day* plaintiff allegedly discovered the nurse's mistake about the approval for his treatment. Accordingly, I find no basis to excuse plaintiff's failure to exhaust his remedies with respect to SRCI.2014.07.034.

Further, to the extent plaintiff relies on SRCI.2014.11.069, that grievance was returned to plaintiff for failing to comply with the relevant regulations because it pertained to the denial of treatment alleged in SRCI.2014.07.034. Plaintiff was invited to resubmit his grievance and was specifically instructed to "stick to a new and separate issue" from those he had already grieved and to not raise the same issues again. Taylor Decl. Attachment 8 at 17. However, plaintiff's 14-page resubmission included *all* of his past complaints about his Hepatitis C treatment, with the allegedly "new" denial of treatment buried among the myriad details of his varied complaints. *Id.* Attachment 8 at 2-16. The grievance again was returned as procedurally improper because it related to an issue previously grieved. *Id.* Attachment 8 at 1. Given the length and breadth of plaintiff's resubmission, I cannot find that it complied with ODOC regulations or sufficiently alerted defendants to "the nature of [a new] wrong for which redress is sought." *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citation omitted); *see also Sapp*, 623 F.3d at 823-24. Therefore, SRCI.2014.11.069 does not support the exhaustion of plaintiff's remedies or an excuse for failing to do so with respect to his second claim.

Finally, plaintiff filed grievance SRCI.2015.01.154 and more clearly alleged that ODOC refused to give him Hepatitis C treatment due to the cost of the medication. Taylor Decl. Attachment 12 at 4. However, before receiving a response, plaintiff filed the instant civil action and SRCI.2015.01.154 was returned on grounds that plaintiff filed suit regarding the issue grieved. ODOC regulations provide that a prisoner cannot grieve or appeal "claims or issues the

9 — OPINION AND ORDER

inmate has pursued or is pursing in pending litigation in state or federal courts." Or. Admin. R. § 291-109-0140(3)(h); *see also McKinney*, 311 F.3d at 1200 (a prisoner must complete the prison grievance process before filing suit). Consequently, plaintiff did not exhaust his administrative remedies with respect to his second claim.

C. Denial of Equal Protection

Plaintiff's third claim alleges the violation of his right to equal protection by denying him Hepatitis C treatment based on its costs while providing comparatively expensive treatment to other inmates, such as those with HIV. Defendants argue that plaintiff failed to exhaust his administrative remedies as to his third claim because he failed to file any grievance alleging that defendants violated his equal protection rights. Defendants are partially correct.

Plaintiff did file a grievance on this issue. In grievance SRCI.2015.01.154, plaintiff asserted that defendant refused to provide him with Hepatitis C treatment due to the cost of the medication in violation of his rights to equal protection. Taylor Decl. Attachment 12. However, this grievance was denied because plaintiff had filed suit in this case on December 31, 2014. Or. Admin. R. § 291-109-0140(3)(h) (a prisoner cannot grieve "claims or issues the inmate has pursued or is pursing in pending litigation in state or federal courts"); *McKinney*, 311 F.3d at 1199 (the PLRA "contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement"). Accordingly, plaintiff failed to exhaust his remedies as to his third claim prior to filing suit.

D. Retaliation

Finally, plaintiff alleges First Amendment retaliation based on the conduct of defendant Taylor, the Grievance Coordinator at SRCI, when receiving and responding to plaintiff's grievances.

10 — OPINION AND ORDER

Plaintiff does not identify a grievance regarding Taylor's alleged retaliation, and the grievances of record do not contain such an allegation. Defendants generously suggest that grievance SRCI.2014.11.069 – regarding the lack of Hepatitis C treatment – could be interpreted to allege that Taylor retaliated against plaintiff by failing to allow him to file his grievance. As explained above, this grievance was returned as procedurally improper because plaintiff already had grieved the denial of Hepatitis C treatment. Plaintiff was invited to resubmit the grievance and clarify any new issues he intended to raise. Plaintiff resubmitted the grievance on December 16, 2014, without any corrections or clarifications regarding his retaliation claim, and that grievance again was returned as procedurally improper. *See* Taylor Decl. Attachment 8 at 1-16. Plaintiff failed to file any additional grievances regarding the alleged retaliation.

Plaintiff also relies on a grievance submitted after he filed the instant lawsuit. Pl.s' Sur-Reply (ECF No. 72) at 11. However, as explained above, plaintiff is required to exhaust his remedies as a precondition to filing suit. As a result, plaintiff failed to exhaust his administrative remedies with respect to his fourth claim.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 59) is GRANTED.

IT IS SO ORDERED.

DATED this 27th day of March, 2017.

_____
Ann Aiken
United States District Judge

11 — OPINION AND ORDER